

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN     AUSTIN 11, TEXAS
ATTORNEY GENERAL

Department of Public Safety
Camp Mabry
Austin, Texas

Attention:  Mr. L. G. Deats

Opinion No. O-3404
Re:  Should the Department of
Public Safety forward to
the Comptroller of Public
Accounts a voucher for the
issuance of a warrant in
payment of the bill of
costs where destruction
orders were granted on
Gentlemen:  gambling paraphernalia?

Your recent request for an opinion of this department on the above stated question has been received.

We quote from your letter as follows:

"I am attaching hereto the copy of a letter addressed by the County Clerk of Bexar County to Honorable Geo. H. Sheppard, State Comptroller of Public Accounts, relative to Bill of Costs in Cause No. 31,089, Civil Docket County Court at Law No. 2, Bexar County, together with a copy of Mr. Sheppard's letter in reply thereto and a copy of the Bill of Costs.

"Heretofore, this Department has not paid the costs where destruction orders were granted on gambling paraphernalia confiscated by officers of this Department.

"I would appreciate your advice as to whether or not this Department should forward to the Comptroller of Public Accounts a voucher for the issuance of a warrant in payment of such bill of costs."

The letters mentioned in your inquiry from the County Clerk of Bexar County to Honorable Geo. H. Sheppard

and his reply thereto read as follows:

"We are enclosing herewith three certified copies of Bill of Costs in cause No. 31,089, styled The State of Texas - vs - Gambling Paraphernalia, civil docket of the County Court at Law No. 2, of Bexar County. For your further information, this case was filed by Mr. R. R. Rohatsch, of the State Rangers.

"Final judgment, granting destruction in this cause was ordered on November 9th, 1940.

"We are endeavoring to clear our books of all unpaid costs wherein no deposit has been made before the end of the year, therefore we shall greatly appreciate your negotiable warrant for these costs at your earliest convenience."

"I am referring your letter of December the 7th to Homer Garrison, Director, Texas Department of Public Safety. I am sure he will advise you as to what disposition will be made of your Bill of Costs."

The above mentioned proceeding to secure an order to destroy certain gambling paraphernalia was instituted by a Texas Ranger by virtue of Article 633, 636 and 637 of Vernon's Annotated Penal Code. It is not specifically stated in the above quoted letters that the costs in the proceeding was taxed against the State. The State is bound by judgments and actions to which it is a party to the same extent as a private suitor, though the judgment may be in rem. (State vs. Cloudt, 84 S.W. 415, error refused). It has been broadly stated that costs may not be taxed against the State in the absence of a statute so providing, and this appears to be the general rule in other jurisdictions. In Texas it has been the uniform custom to tax costs against the State as against any other suitor. We quote from the case of Reed, et al, vs. State, 78 S.W. (2d) 254, as follows:

"The unpaid costs in said case were taxed against the state. No contention is made that such costs are unreasonable nor that they were not authorized. The Attorney by cross-assignment contends, however, that no authority exists in law for taxing costs against the state, whether it be plaintiff or defendant, or whether it be

successful or not. That seems to be the conclusion reached by the Ed Paso Court of Civil Appeals in Pope V. State, 56 S. W, (2d) 492, following the general rule announced in 59 C. J. 332, and 25 R. C. L. 418. It has been the uniform custom, however, where the state has been a proper party to a suit, to tax costs against it as against any other litigant. Necessarily, payment thereof must await appropriations of funds for that purpose by the Legislature, but such appropriations have habitually been made by each Legislature for many years. The right and propriety of taxing such costs against the state as a party litigant is, we think, conclusively foreclosed by the Supreme Court in Houtchens v. State, 74 S. W. (2d) 976; that being an opinion on motion to tax the costs against the state and the only issued there presented.

"The general rule is that, when the state enters the courts as a litigant, it places itself on the same basis as any other litigant. While granted immunities not available to litigants generally, e. g., the right to be sued only with its consent, not required to give bond, freedom from execution against it, etc., with the ever-increasing number of suits to which the state is a party, frequently upon its initiative, it would be a harsh rule to say that the officers of the court should be compelled to render to the state without compensation indispensable services, no matter how onerous they might be."

Under the heading of maintenance and miscellaneous in the appropriation for the Department of Public Safety as shown on page 187 of the Special Laws of the State of Texas passed by the regular session of the 46th Legislature, it is provided "expenses of Director enforcing laws, making investigations, and to employ men other than Rangers and narcotic inspectors when necessary, $5000 for the year ending August 31, 1940, and $5000 for the year ending August 31, 1941"

The bill of costs attached to your inquiry shows the amount of costs due to be $4.40. Under the facts stated we cannot categorically answer your inquiry, however, if the court has taxed such costs against the state, the above stated question is respectfully answered in the affirmative,

Department of Public Safety, page 4 (O-3404)


otherwise, in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

APPROVED APR 25, 1941          ATTORNEY GENERAL OF TEXAS

(Signed) Grover Sellers

FIRST ASSISTANT                By
ATTORNEY GENERAL                   (Signed)   Ardell Williams
                                                     Assistant

AW:lh:mj


APPROVED
OPINION
COMMITTEE

BY /s/ BWB
Chairman